IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| ALDEN PAULINE, #A0256259, | ) | CIV. NO. 07-00411 HG-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT BAUMAN'S |
| DR. VIT PATEL, et al., | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT; ORDER TO NAME |
| Defendants. | ) | SUBSTITUTE PARTY AND FILE |
| | ) | ADDITIONAL MOTION FOR |
| _____ | ) | SUMMARY JUDGMENT |

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT BAUMAN'S  MOTION FOR SUMMARY JUDGMENT; ORDER TO NAME SUBSTITUTE PARTY AND FILE ADDITIONAL MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant Kay Bauman, M.D.'s ("Defendant")

Motion for Summary Judgment ("Motion"), filed December 29, 2008.[1]  [Doc. #77]

For the following reasons, the court **FINDS**: (1) there is no genuine issue of

material fact regarding Defendant lack of personal participation in Plaintiff's

allegations; (2) Defendant's Motion is insufficient as to Plaintiff's official capacity

claims; (3) Plaintiff fails to state a claim under the Americans with Disabilities Act

---

[1]The Motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) and Local Rule LR72.4.  Pursuant to Local Rule LR7.2, the court decides this Motion without a hearing.

("ADA"), 42 U.S.C.A. § 12101 *et seq*.; and (4) Plaintiff's claims against Defendants Calacatoa and Salanoa were improperly amended into this action. The court RECOMMENDS that Defendant's Motion be GRANTED in part and DENIED in part, as discussed below. The court also DIRECTS the State of Hawaii to substitute an appropriate representative from the Department of Public Safety for Defendant in her official capacity, and to file another Motion for Summary Judgment, as discussed below.

## I.  BACKGROUND

On July 30, 2007, Plaintiff, a prisoner incarcerated at the Halawa Correctional Facility ("HCF"), initiated this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges he has Post Traumatic Stress Disorder ("PTSD"), and Defendants have not provided him adequate medical and psychiatric care since his incarceration at HCF. Since commencing suit, Plaintiff has amended and supplemented his Complaint several times. [*See* Docs. #7, #8, #35, #47, #49] The operative document is Plaintiff's Second Amended Complaint ("SAC"), filed on June 24, 2008. [Doc. #49] The SAC names Kay Bauman, M.D., HCF Administrator, HCF Medical Staff, and HCF ACOs and PSW as Defendants.[2]

---

[2] Plaintiff named Dr. Bauman because Defendants substituted Bauman for Vit Patel, M.D., who died during the pendency of this litigation. The court liberally construes HCF Administrator, HCF Medical Staff, and HCF ACOs and PSW as unnamed Doe Defendants.

Within the body of the SAC, Plaintiff also names J. Calacatoa and T. Salanoa as Defendants.[3]

As with all of his other documents, the SAC is not a model of clarity. The court has concluded that, although Plaintiff attempts to state five separate grounds for relief, Plaintiff alleges only three claims: (1) Defendants violated his constitutional rights when they failed to provide him with proper psychiatric treatment or medication for his alleged mental illness ("Count One") (SAC at 5-6.); (2) Defendants violated his rights under the ADA ("Count Two") (*Id.* at 8.); and (3) Six months after Plaintiff commenced this action, Calacatoa and Salanoa retaliated against him for filing civil actions in federal court ("Count Three").  *Id.* at 7.  The SAC seeks injunctive relief only.

On December 29, 2008, Defendant filed this Motion.  [Doc.#77] Defendant argues that: (1) Plaintiff's claim against her should be dismissed because she neither participated in nor directed any actions causing the deprivations of which Plaintiff complains; (2) she is entitled to qualified immunity; and (3) Plaintiff fails to state a claim under the ADA.

---

[3] Plaintiff has not perfected service of process on J. Calacatoa and T. Salanoa. [ *See* Doc. #80]   The court discusses these defendants in more detail, *infra*.

3

On January 28, 2009, the court issued an Order directing Defendant to address further Plaintiff's official capacity claim.  [Doc. #83]  Although Defendant's Motion presented a sound argument in favor of dismissing Plaintiff's claims against Defendant in her individual capacity, the Motion failed to show why Plaintiff's official capacity claims should be dismissed.[4]  Accordingly, the court ordered Defendant to file a Supplemental Brief in support of the Motion, on or before February 10, 2009.  [Doc. #83]

On February 10, 2009, Defendant filed a Supplemental Brief.  [Doc. #84]  In it, Defendant reasserts that Plaintiff names Defendant in her individual capacity only.  Defendant also argues that any claim Plaintiff might be asserting against her in her official capacity for monetary damages is barred by the Eleventh Amendment.  In addition, Defendant states that she is no longer employed by the Department of Public Safety and is not, therefore, the appropriate substituted party.

On February 11, 2009, Plaintiff filed an Opposition to the Motion. [Doc. #85]  Plaintiff realleges that: (1) he suffers from post-traumatic stress disorder ("PTSD"); and (2) he is not receiving adequate mental health treatment.

---

[4]The court concluded that, liberally construing the SAC and notwithstanding Plaintiff's apparent inadvertent failure to name Defendant in her official capacity, the SAC nonetheless made official capacity claims against someone in the Department of Public Safety, for failure to provide him adequate medical and mental health care.

4

Plaintiff submits no affidavits or other competent evidence in support of his Opposition or claims.

## II.  <u>LEGAL STANDARD</u>

In examining a motion for summary judgment, a district court must determine whether any material factual issues exist which can only be resolved through a trial.  *U.S. v. Allen*, 578 F.2d 236 (9th Cir. 1978).  In considering a motion for summary judgment, the court must draw all reasonable inferences supported by the evidence in favor of the non-moving party.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Rule 56(c) provides that summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  *Nissan Fire & Marine Ins. Co. V. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party meets its initial burden on a summary judgment motion, the "burden

then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248; *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003).  The Ninth Circuit has refused to find a genuine issue where the only evidence presented is "uncorroborated and self-serving" testimony.  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996).

## III.  DISCUSSION

The Motion and Supplemental Brief present the following arguments: (1) Defendant did not personally participate in or direct any actions which caused the complained-of deprivations, thus Plaintiff's claim against her in her individual

6

capacity must be dismissed; (2) Defendant is entitled to qualified immunity; (3) Monetary damages claims against Defendant in her official capacity are barred by the Eleventh Amendment; (4) Defendant is no longer the proper person against whom official capacity claims can be directed; and (5) Plaintiff fails to state a claim under the ADA.

## A.    Defendant Did Not Personally Participate in The Alleged Constitutional Deprivations.

Defendant argues that Plaintiff alleges a constitutional violation against Defendant only in her individual capacity.[5]  There is no *respondeat superior* liability under 42 U.S.C. § 1983.  *Polk County  v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Gibson v. County of Washoe, Nev.*, 290 F.3d  1175, 1185 (9th Cir. 2002).  To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

---

[5] As noted, Plaintiff's SAC is not a model of clarity.  Although Plaintiff appears to allege an official capacity claim, as evidenced by his seeking only injunctive relief and not damages, a literal reading of the SAC suggests that Plaintiff alleges an individual capacity claim as well. Accordingly the court will address the merits of any claim Plaintiff may have made against Defendant in her individual capacity.

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal quotations omitted). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that he has not received adequate psychiatric or medical treatment or medication for his alleged mental illness.  Defendant's responsibility as Medical Director of the Department of Public Safety includes overall supervision of State inmates' health care.  *See* Bauman Dec. at ¶ 4. Defendant is not, nor has she ever been, one of Plaintiff's treating psychiatrists, psychologists or psychiatric social workers.  *Id.*  Defendant's knowledge of Plaintiff's individual treatment is limited to her review of his medical records upon request following Plaintiff's initiation of this lawsuit.  *Id.* at ¶ 6.  Viewing the facts

8

in the light most favorable to Plaintiff, that is, that he has received inadequate psychiatric and medical treatment, it is clear that Defendant was not personally involved in Plaintiff's medical or psychiatric treatment or lack thereof in any manner.  Defendant has met her burden of production, shifting the burden to Plaintiff to establish a genuine factual dispute.  Plaintiff fails to do so.

Plaintiff's allegations in his Complaint and Opposition are insufficient to withstand the motion for summary judgment.  Plaintiff has not shown Defendant's personal involvement in the alleged constitutional deprivation or a causal connection between Defendant's wrongful conduct and the alleged constitutional deprivation.  Plaintiff makes only conclusory allegations that he has not received adequate psychiatric treatment or medication for his alleged PTSD, and that Defendant was involved in this alleged deprivation.  Plaintiff does not point to any evidence to support any of his claims.  Plaintiff does not even provide a medical diagnosis showing that, in fact, he has PTSD.  Plaintiff submits only uncorroborated and self-serving testimony.  Such conclusory allegations, standing alone, are insufficient to prevent summary judgment.  *See e.g. Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006).  Thus, to the extent Plaintiff alleges a violation of his constitutional rights against Defendant in her individual capacity, this Court **FINDS** that Plaintiff fails to establish a genuine issue for trial on his

9

claim.  Accordingly, the court **RECOMMENDS** that Defendant's Motion be

GRANTED, as to Plaintiff's claim against her in her individual capacity.[6]

**B.      Plaintiff's Official Capacity Claims Remain**

Literally reading the SAC, Defendant is named in her

individual capacity only.  The court, however, liberally construes the SAC to name

Defendant, or another representative of the Department of Public Safety, in his or

her official capacity.  The court does so for three reasons.

First, in Plaintiff's original Complaint, he named Vit Patel, M.D., as a

defendant in his individual and official capacities.  When Dr. Patel died, the court

instructed the State of Hawaii to provide a substitute for Dr. Patel in his official

capacity pursuant to Rule 25(d) of the Federal Rules of Civil Procedure ("Fed. R.

Civ. P.").[7]  In response, the State of Hawaii named Defendant as the substitute

party.  [Doc. #41]  In his subsequent Complaints, Plaintiff has consistently

---

[6] As the court recommends that Plaintiff's claim against Defendant in her individual capacity be dismissed, the court will not address Defendant' qualified immunity argument.

[7] Rule 25(d) states:

**Public Officers; Death or Separation from Office**.  An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.  The court may order substitution at any time, but the absence of such an order does not affect the substitution.

realleged his original claims against Dr. Patel, properly naming Defendant in place of Dr. Patel. Thus, the court liberally construes Plaintiff's SAC to continue naming Defendant, or some other appropriate Department of Public Safety representative, in an official capacity as the substituted party, despite any misnomer it contains.

Second, the court must always construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In addition, Fed. R. Civ. P. 8 requires that pleadings "be construed so as to do justice." Here, the court takes into account that Plaintiff claims that he suffers from severe mental illness. Plaintiff's pleadings, including the SAC, have been nearly incomprehensible. Plaintiff has not demonstrated that he understands the pleadings he files. Thus, literally interpreting the SAC to name Defendant in her individual capacity only would constitute an extreme injustice, vitiating the spirit of the Rules.

Finally, Plaintiff seeks only injunctive relief. Injunctive relief is available in an official capacity suit against a state official. Since Plaintiff does not seek damages, it is extremely unlikely that he intended to name Defendant in her individual capacity only.

As Plaintiff states a claim against Defendant in her official capacity for injunctive relief, the issue remains whether Plaintiff has received adequate mental health treatment.  To the extent Defendant's Motion attempts to refute a claim against her in her official capacity for injunctive relief, Defendant's argument is wholly and exceptionally insufficient.  Defendant apparently relies exclusively on a single paragraph wherein a very brief synopsis of Plaintiff's medical treatment is provided.  *See* Bauman Dec. at ¶ 7; Mot. at 3.  In support of her argument, Defendant simply directs the court to refer to Exhibit "A," which consists of *sixty-three* pages of medical records.

Defendant is NOTIFIED that, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, *and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material* fact."  *Celotex,* 477 U.S. at 323 (emphasis added).  Similarly, Local Rule LR56.1, expressly states that a motion for summary judgment "shall contain a citation to a particular affidavit, deposition, or other document which supports the party's interpretation of the material fact.  Documents referenced in the concise statement shall not be filed in their entirety.  Instead, the filing party shall extract and highlight only the relevant portions of each referenced document."  LR 56.1(c).  The principal purpose of this

12

rule, of course, is to obviate the need for the court to scour the record in search of facts relevant to summary judgment. *See Keeman v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). As other courts have noted, "'judges are not like pigs, hunting for truffles buried in briefs.'" *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted). Defendant ignores these rules and fails to identify any portion of the record allegedly demonstrating that Plaintiff has received adequate medical care to the extent that there has been no deliberate indifference shown.

The court further notes that Defendant's argument that the Eleventh Amendment bars "any claim Plaintiff might be asserting against Dr. Bauman or anyone else in their official capacity for monetary damages," while technically correct, is completely beside the point. Plaintiff has never sought monetary damages in any rendition of his complaints. [*See* Docs. #1, 35, 49] Plaintiff has consistently sought only injunctive relief in the form of mental or medical care. It is axiomatic that "the Eleventh Amendment does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir.1989) (internal citations omitted); *see Ex Parte Young*, 2009 U.S. 123, 155-56 (1908).

13

As such, Defendant fails to show the absence of a genuine issue of material fact.  To the extent Defendant seeks dismissal of Plaintiff's claim against her in her official capacity, this court **FINDS** that a genuine issue of material fact remains, and **RECOMMENDS** that Defendant's Motion be **DENIED** as to that claim.  However, since the records before the court suggest that Plaintiff may, in fact, have received adequate medical care, thus negating a finding of deliberate indifference, Defendants are **ORDERED** to file an additional Motion for Summary Judgment on the remaining official capacity claim, **on or before Friday, March 6, 2009**.  Defendant is specifically directed to identify those portions of the record which may demonstrate that Plaintiff has received adequate medical care and specifically reference, extract and highlight the relevant portions of Plaintiff's medical records in accordance with LR56.1.

## C.    Plaintiff Fails To State A Claim Under The ADA

Plaintiff's ADA claim, like his other claims. is not well-articulated. Plaintiff simply says that he is filing his complaint under the ADA, alleges that he is a person with a disability, and then parrots ADA language, stating, "no qualified individual with a disability shall on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or subjected to discrimination by any public entity."  [SAC at 8]

14

Although not specific, the court interprets the SAC to allege that Plaintiff is being denied mental health treatment on the basis of his qualified disability, his alleged PTSD, in violation of the ADA.

"To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); 42 U.S.C. § 12132.

Plaintiff's claim fails for several reasons. First, Plaintiff fails to show that he has been diagnosed with PTSD, and that PTSD is a qualified disability under the ADA. Second, even if Plaintiff established that he is a qualified individual with a disability, he has not shown that he was denied access to medical treatment due to that disability. Finally, Plaintiff's assertion that he was denied access to mental health treatment on the basis of his disability of mental illness is a patently frivolous and nonsensical tautology. Thus, the court **FINDS** that Plaintiff

15

fails to state a claim for violation of the ADA against any Defendant.  The court

**RECOMMENDS** that Plaintiff's ADA claim be **DISMISSED** without leave to

amend.

### D.    Claims Against Defendants Calacatoa and Salanoa Should Be Dismissed

As noted, Plaintiff commenced this action on July 30, 2007, alleging

that Dr. Patel and other HCF officials were denying him medical and mental health

care.  Almost a year later, on May 19, 2008, Plaintiff submitted a letter to Chief

Judge Gillmor, broadly asking to amend the Complaint to allege a claim of

retaliation against "Defendants."  [Doc. #43]  The court construed the letter as a

Motion to Amend and granted it, stating that the Motion was timely, apparently

alleged related claims against "some, if not all, Defendants."  [Doc. #46 at 3]

Plaintiff was instructed to submit a second amended complaint with his proposed

retaliation claims.

On June 24, 2008, Plaintiff submitted the SAC containing the new

retaliation claims, however, naming *new* Defendants Calacatoa and Salanoa.  In

Count III of the SAC, Plaintiff states that Calacatoa and Salanoa entered his cell on

February 11, 2008, and threatened him to induce him to "stop [his] complaint

taking [his] legal work hurting my nick [sic] and head."  SAC at 7.  Upon further

review of this claim, the court is now convinced that this claim was improperly allowed as an amendment and must be dismissed.[8]

First, Plaintiff's claim against Calacatoa and Salanoa could not have been exhausted prior to the filing of this lawsuit, since the alleged retaliation did occur until six months later.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 541 U.S. 81 (2006).  Exhaustion must occur *prior* to filing suit.  *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  This exhaustion requirement applies to all prisoner suits relating to prison life.  *Porter v. Nussle*,  435 U.S. 516, 532 (2002) .

Although Fed. R. Civ. P. 15 allows amended and supplemental pleadings, the PLRA requires a prisoner to properly exhaust his or her claims prior to filing suit.  In a "conflict between [Rule15] and the PLRA, the rule would have

---

[8]The court notes that its duty to screen a prisoner's complaint continues throughout the litigation, and that it must dismiss a complaint or portion thereof if a plaintiff raises a claim that is legally frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2).   Even if a motion to dismiss is brought, the court is not relieved of its duty to screen the Complaint under the Prison Litigation Reform Act of 1996 ("PLRA").  *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.1 (9th Cir. 2000) (en banc).

to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir. 2000); *Williams v. Adams*, 2007 WL 1595457 (E.D. Cal. 2007) (citing *Harris* and not allowing plaintiff to supplement his complaint with new claims which accrued after he filed his original complaint); *Price v. Caruso*, 2007 WL 2914232 (W.D. Mich. 2007) (citing *Harris*). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Harris*, 216 F.3d at 983. Plaintiff cannot therefore add new claims to his complaint regarding incidents that occurred after the filing of his original complaint. This would allow Plaintiff to thwart the mandate of 42 U.S.C. § 1997e(a), requiring that claim exhaustion occur prior to filing suit and not during the pendency of the suit. *McKinney*, 311 F.3d at 1199-1201.

Second, when Plaintiff filed the SAC, and amended his claims to include these new allegations against new Defendants, Plaintiff had already "struck out" under 28 U.S.C. § 1915(g), having filed three actions that were dismissed as frivolous, malicious or for failure to state a claims.[9] Had Plaintiff attempted to file

---

[9] *See Pauline v. Tufono*, Civ. No. 08-00194 (dismissed 05/21/2008 for failure to state a claim); *Pauline v. Pali Momi Medical Ctr.*, Civ. No. 08-00195 (dismissed 06/03/2008 as frivolous); *Pauline v. HCF Administrator*, Civ. No. 08-00196 (dismissed 05/07/2008 for failure to state a claim). The court also dismissed another of Plaintiff's actions for failure to state a claim after Plaintiff submitted the SAC, so he currently has four strikes. *See Pauline v. Tufnon*, Civ. No. 08-00389 (dismissed 08/26/08).

a new complaint alleging these claims, he would not have been allowed to proceed *in forma pauperis*.  By amending this action to assert new claims against new defendants, rather than filing a new action, Plaintiff is  thwarting Congress's express intent to prevent prisoners who have "struck out" under § 1915(g) from filing new actions without pre-payment of fees.

Third, Fed. R. Civ. P. 15 governs the propriety of amendments to a complaint.  Under Rule 15, the court must consider four factors when deciding a motion to amend, including undue delay, bad faith, futility of amendment, and prejudice to the opposing party.  *See United States v. Pend Oreille Public Utility Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).  Prejudice to the opposing party is the most important factor when determining whether to grant leave to amend a complaint.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion);  6 C. Wright, A. Miller & M. Kane,  Federal Practice and Procedure: Civil 2d § 1487 (1990).

Allowing Plaintiff to allege these new and apparently unrelated claims against Calacatoa and Salanoa, neither of whom was alleged or even suggested as defendants originally, would cause great prejudice to the original  Defendant, whether that Defendant is Dr. Bauman or someone else, by impeding the timely

resolution of the claims alleging the denial of health care.  Calacatoa and Salanoa

have still not been served.  When they are, the trial and other deadlines must be

delayed to accommodate their late entry into this case.  Requiring the original

Defendant to patiently await trial, while new motions are filed and discovery

commences upon an entirely unrelated claim, is unjust and prejudicial.  Also, as

discussed above, it appears that Plaintiff's attempt to add this new claim against

these new defendants was, in fact, taken in bad faith to sidestep the grievance

process and the imposition of filing fees.

       Moreover, Rule 15(c) provides that an amendment to a complaint

relates back to an original pleading when "the amendment asserts a claim or

defense that arose out of the conduct, transaction, or occurrence set out – or

attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B); *see*

*also Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1169-80 (9th Cir.

1975).   Plaintiff's Motion to Amend, in the form of a letter to Judge Gillmor, was

somewhat vague and obscure.  The SAC, however, makes clear that these new

retaliation claims are not related to Plaintiff's original claims of the denial of

medical care, and are directed against entirely new defendants, with no connection

to the alleged failure to provide medical or mental health care to Plaintiff.  Thus,

these claims do not relate back to the claims set forth against Defendants at the commencement of this action.

For these reasons, the court RECOMMENDS that Plaintiff's claims against Defendants Calacatoa and Salanoa be DISMISSED without prejudice.  If Plaintiff decides to pursue these claims against Calacatoa and Salanoa, he may do so in a newly filed complaint, submitted concurrently with the statutorily-required filing fee, and subject to the screening requirements of 28 U.S.C. § 1915.

**E.     The State of Hawaii Is Ordered To Name A Substitute Party.**

The court recognizes that Defendant Bauman no longer serves as the Medical Director of the Department of Public Safety and is not, therefore, the proper party for Plaintiff to assert his claim against.  Pursuant to Fed. R. Civ. P. 25(d), Defendant's successor is automatically substituted as a party to this action. The State of Hawaii is **ORDERED** to provide the court with name of Defendant's successor, or appropriate representative from the Department of Public Safety, in writing, **on or before March 6, 2009**.

# IV. <u>CONCLUSION</u>

For the foregoing reasons the court **FINDS**:

(1) there is no genuine issue of material fact regarding Defendant's lack of personal participation in Plaintiff's allegations;

(2) Defendant's Motion is insufficient as to Plaintiff's official capacity claims;

(3) Plaintiff fails to state a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101 *et seq*.; and

(4) Plaintiff's claims against Defendants Calacatoa and Salanoa were improperly amended into this action.

This court therefore **RECOMMENDS** that Plaintiff's Motion be **GRANTED** in part and **DENIED** in part, dismissing Plaintiff's claims against Defendant Bauman in her individual capacity WITH PREJUDICE, dismissing Plaintiff's ADA claims WITH PREJUDICE, and dismissing Plaintiff's claims against Defendants Calacatoa and Salanoa WITHOUT PREJUDICE but without further leave to amend.

The court **ORDERS** the State of Hawaii to file a Motion for Summary Judgment, on or before **Friday, March 6, 2009**, as discussed in detail *supra*. The

State of Hawaii is further **ORDERED** to name Defendant's successor as a substitute party to this action on or before **Friday, March 6, 2009**.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: February 23, 2009

*Pauline v. Bauman, et al.*, Civ. No. 07-00411 HG: FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT BAUMAN'S MOTION FOR SUMMARY JUDGMENT; ORDER TO NAME A SUBSTITUTE PARTY AND FILE ADDITIONAL MOTION FOR SUMMARY JUDGMENT; prose attorneys\F&R\hmg\2009\Pauline 07-00411 HG (grt msj in part)